UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ILEANA RIVERA, | |
| Plaintiff, | CIVIL ACTION NO. 3:17-CV-01126 |
| v. | (MANNION, D.J.) |
| SCRANTON HOUSING AUTHORITY, | (MEHALCHICK, M.J.) |
| Defendant. | |

**MEMORANDUM OPINION**

Presently before the Court is a second amended complaint filed by *pro se* plaintiff Ileana Rivera seeking damages stemming from a bed bug infestation she and her daughter endured while living in a Scranton Housing Authority (SHA)-operated apartment. (Doc. 1). The Court has reviewed Rivera's second amended complaint pursuant to its ongoing obligation to screen complaints filed *in forma pauperis* and dismiss them if they assert frivolous or malicious actions or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Having conducted its statutorily-mandated screening of the second amended complaint (Doc. 32), the Court finds that dismissal is warranted pursuant to 28 U.S.C. § 1915(e)(2).

For the following reasons, the Court finds that Rivera's second amended complaint does not state a claim upon which relief can be granted but that she should be given an opportunity to file a third amended complaint.

**I. BACKGROUND AND PROCEDURAL HISTORY**

In Rivera's original complaint, which listed her daughter as a co-plaintiff, she alleged, among other things, that (1) the SHA failed to conduct a pre-occupancy inspection of her apartment, in violation of HUD guidelines; (2) Rivera reported her bed bug problem to the SHA in April 2014; (3) an exterminator visited the apartment in May 2014 and made six

follow-up visits between June and December 2014; (4) Rivera wrote to the SHA's executive director in June 2014 to express her desire to move because of the bed bugs; (5) Rivera advised the SHA in July 2014 that her daughter suffered an adverse medical reaction to the bed bugs and could no longer reside in the apartment; (6) an SHA employee told Rivera to go back to Puerto Rico; (7) the SHA brought a landlord-tenant action against Rivera for unpaid rent in September 2014, the SHA was awarded a judgment against Rivera for rent in arrears, and Rivera's appeal of that judgment was unsuccessful;[1] (8) in January 2015, the SHA notified Rivera of its intention to terminate the lease and that she was entitled to a grievance hearing; (9) Rivera contacted HUD in February 2015, apparently regarding a discrimination complaint form; and (10) Rivera corresponded with the Pennsylvania Human Relation Commission, resulting in an attempt to informally resolve the complaint through reconciliation concerning whether there was a violation of the law. (Doc. 1, at 1-9). Based on these allegations, Rivera asserted claims based on, or with reference to, federal statutes and regulations, including 21 C.F.R. § 10.25, 21 C.F.R. § 10.30, 24 C.F.R. § 401, 24 C.F.R. § 453, and 28 C.F.R. § 0.175, civil rights claims regarding "Housing/Accommodations," a cause of action under the Administrative Procedures Act ("APA") for "Review or Appeal of an Agency Decision," "Chapter 11 Administrative Procedure 581," and "Judicial Review 701 Relief." (Doc. 1, at 1; Doc. 1-1; Doc. 3, at 1). She sought monetary damages stemming from HUD's delayed inspection and elimination of the bed bug infestation, physical and emotional injuries, and

---

[1] In recommending granting HUD's motion to dismiss the original complaint, the Court considered the underlying proceedings of these cases. (Doc. 22, at 3); *see SHA v. Rivera-Santiago*, Docket No. MJ-45103-LT-0000209-2014 (Magis. Dist. Ct. Lackawanna County); *SHA v. Santiago Rivera*, Docket No. 2014-05499 (Lackawanna County C.C.P.).

rent money paid. (Doc. 1, at 17).

The Court granted Rivera leave to proceed *in forma pauperis* and directed service of the complaint upon the United States Department of Housing and Urban Development (HUD), the sole defendant named in the original complaint. (Doc. 2; Doc. 4). HUD moved to dismiss, that motion was granted, and Rivera was directed to file an amended complaint. (Doc. 15; Doc. 22; Doc. 23; Doc. 24).

In November 2019, Rivera filed an amended complaint asserting claims against the SHA arising from the bed bug infestation. (Doc. 32). Rivera named herself as the sole plaintiff, substituted SHA for HUD as the name defendant, and alleged as follows:

> Fail comply [ineligible] requirement lease part I X page 10 XII page 12 Hazardous to life health According to AUD Regulation Scranton Housing Authority's 400 Adam Ave Scranton PA fail under regulation Adverse environment condition with Bed Bugs infestation on Housing Program Harmful that spread diseases having to remove my daughter suffering consequences Humiliation an affliction under This process, deprived of a fair trial under lease Requirement, and judicial revision 701 relief. Interference regarding my enquire for Bed bugs. In proportion to the Seriousness of damage, reasonable period of time on afflicted for after standar[s] Alternative accommodation and been harassed under lease Part I XII Authority's obligation. Grievance procedure to Ensure a Comprehensive investigation Court 14 CV 05499 under Appeal commission and omission of facts. I cant afford Rent if I lost this program. I pray for compensate my family pain and Anguish humiliation that I brough [*sic*] the infestation (in one month) of rent. Intentional infliction and emotional injury distress normal life.

(Doc. 32, at 2).

In a supplemental filing, Rivera provided a copy of a letter from the Housing Authority of the County of Lackawanna informing Rivera of a January 16, 2020 appointment concerning, it appears, eligibility for housing. (Doc. 35, at 2). Explaining the relevance of this letter, Rivera wrote: "In Reference of this case I concern once again I was deprived of my right in a Housing Authority of Lackawanna. I supply of this case in reference [illegible] was Reject my

application without just cause I was treated hostilely again: from Housing Mr. Jackson [illegible] denied talk with the director. Also I was homeless at this time." (Doc. 35, at 1).

In her second amended complaint, Rivera provides the following allegations in support of her claims:

> I was deprived of fair trial process under lease 24 CFR 701 5.659 and I claim for damage 42 USC 3544[2] sec 904 – 899 Administrative Procedure on intentional infliction unne[c]es[s]ary. Discrimination for my family.
>
> Plaintiff Prays.
> The Adm. Of Scranton Housing Authority's fail comply with requirements also pretend . . . evicted under Appeal Court. 24 CFR 960.
>     Requirements
>         Lease  Part I X page 8
>             Part I XII page 12 - Authority[']s oblig. building code
>         HUD Regulation, Hazardous to life Health.
>
> On April 18, 2014
> I notify the Administrati[*illegible*] Tina Bartocci move for Bed Bugs infestation in the unit
> [*illegible*] inform to the Adm come to the office Administrati[*illegible*] Sandi Gavin.
>
> Never was notify to tenant in writing and response to my requirement of specific grounds for any proposed adverse action regarding my inquire for BB.
>
> Just was send inspectors and intimidate me about extermination issue and was 6 times extermination the unit also <u>entrance</u> <u>the</u> <u>unit</u> (paint) without prior notification
>
> Provoking in me pain, anguish besides interpreting that I brough[t] the problem [*illegible*]. Adm refusing many times writing notice from tenant.

---

[2] 24 C.F.R. § 5.659 details "[f]amily information and verification" that must be provided to HUD and sets forth "requirements for reexamination of family income and composition in the Section 8 project-based assistance programs . . . ." 24 C.F.R. § 5.659(a). 42 U.S.C.A. § 3544 relates to "[p]reventing fraud and abuse in housing and urban development programs" and provides for a civil cause of action based on prohibited disclosures of information. 42 U.S.C. § 3544(c)(3)(A).

    Was thru out furniture from others unit [*illegible*] the issue and knowledge from Adm. Office - The inspector bullying me Sharon Bende[*illegible*].

    Intentional infliction
    Emotional injuries and distress

    Part I XII Page 12
        A) Responsible within a reasonable period of time of [*illegible*] notice from tenant

        B) Offer standar[d] Alternative accommodation

        Alternative reasonable never was available [*ineligible*] and under lease

        Rent shall abate in proportion to the seriousness of damage omission.

(Doc. 41, at 2-4).

Attached to the second amended complaint is a copy of a June 25, 2020 letter from the U.S. Department of Housing and Urban Development to Rivera. (Doc. 41, at 5-10). The letter indicates that Rivera's complaint alleging discriminatory housing practices was filed on June 22, 2020, pursuant to the Federal Fair Housing Law, 42 U.S.C. §§ 3601-3619, and informs Rivera of various rights, procedures, and services relating to her filing of that complaint. (Doc. 42, at 5-10).

## II. STANDARD OF REVIEW

The Court is obligated, prior to service of process, to screen a civil complaint brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief

can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6) when it specifically enjoins the Court to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." Further, every complaint, including that filed by *pro se* litigant, is subject to the pleading requirements as articulated in Rule 8(a) of the Federal Rules of Civil Procedure, which requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).

The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.

1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Assoc'd. Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

To state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. Indeed, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion, courts must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. In addition to the facts alleged on the face of the complaint, the Court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, a *pro se* complaint is still subject to the pleading requirements as articulated in Rule 8(a) of the Federal Rules of Civil Procedure.

### III. DISCUSSION

Rivera's amended complaint should be dismissed for failure to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cnty.,* 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna County Prison,* 438 F. App'x 158, 160 (3d Cir. 2011).

Notwithstanding the Court's liberal construction of the complaint, Rivera's second amended complaint fails to meet the pleading requirements of Rule 8. While the undersigned is sympathetic to Rivera's language barrier (*see* Doc. 41, at 2) and status as a *pro se* litigant, the amended complaint lacks any factual allegations concerning, for example, dates of incidents and the text of lease provisions. The pleading does not provide any meaningful opportunity for the SHA to decipher or answer the allegations levied against it. *See Twombly*, 550 U.S. at 555. It is "rambling and unclear" so as to defy response. *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011); *see also Earnest v. Ling*, 140 F. App'x 431, 432 (3d Cir. 2005) (affirming dismissal of "complaint [that] fail[ed] to clearly identify which parties [the plaintiff] seeks to sue"). Additionally, though unfortunate, some of Rivera's handwritten allegations are illegible.

Rivera's allegations also do not give rise to a claim for which relief can be granted under Rule 12(6)(b). She asserts, in conclusory fashion, claims for breach of lease and infliction of emotional distress, which are state law claims that "cannot be brought in federal court absent some basis for federal court jurisdiction." *Groves v. Wilson*, 404 F. App'x 705, 707

(3d Cir. 2010). Even if she had asserted adequate grounds for invoking federal jurisdiction upon which the Court could exercise supplemental jurisdiction over her state law claims, "[b]y statute, housing authorities are agencies of the Commonwealth, rather than municipal entities, for purposes of sovereign immunity," and thus she would need to allege facts tending to show the non-applicability of immunity. *See Simpson v. Dauphin Cty. Hous. Auth.*, No. 1:16-CV-01747, 2017 WL 7792505, at *4 (M.D. Pa. Nov. 29, 2017) ("Thus, in this case, sovereign immunity bars Simpson's state-law claims for wrongful eviction, breach of lease, conversion, intentional infliction of emotional distress, and negligence."), *report and recommendation adopted*, No. 1:16-CV-1747, 2018 WL 1050079 (M.D. Pa. Feb. 26, 2018).

Further, while Rivera continued to allege that HUD deprived her of a fair administrative hearing, as the undersigned noted in recommending dismissal of Rivera's original complaint, HUD's general investigative and enforcement policies are not reviewable by this Court. (*See* Doc. 22, at 8-11). Therefore, Rivera's second amended complaint fails to state a claim on the ground that she was deprived of a fair administrative hearing, *even if the HUD were still a party to this action*, which it is not. The SHA's role, if any, in allegedly unfair proceedings is also not clear.

Courts within the Third Circuit have held that tenants may "maintain a private right of action under 42 U.S.C. § 1983" based on allegations of violations of the Housing Act, including claimed interference with a right to a grievance procedure. *See Wright v. Roanoake Redevelopment and Housing Auth.*, 479 U.S. 418, 424 (1987). *Slavish v. City of Wilkes-Barre*, No. 3:17-CV-1468, 2018 WL 5289500, at *6 (M.D. Pa. June 14, 2018), *report and recommendation adopted sub nom. Slavish v. City of Wilkes-Barre, Pennsylvania Hous. Auth.*, No. 3:17-CV-1468, 2018 WL 5283437 (M.D. Pa. Oct. 24, 2018). Here, however, at least in her first amended

complaint, Rivera alleged that she was notified of her right to a grievance procedure, and she now alleges, not that she was denied that right, but that she was provided with an unfair hearing. If there is an additional basis for relief that Rivera seeks to assert, the Court is unable to discern that basis from the pleadings in her second amended complaint.

Rivera also alleges discrimination and provides a copy of her Fair Housing Act (FHA) complaint. A plaintiff can establish an FHA claim in this Court by alleging "either that a defendant discriminated intentionally or that a defendant's actions had a discriminatory effect." *El v. People's Emergency Ctr.*, 438 F. Supp. 3d 283, 289-90 (E.D. Pa. 2020). In the instant matter, aside from providing a copy of a letter acknowledging the receipt of her FHA claim, Rivera alleges only "[d]iscrimination for my family." Given the confusing way in which the second amended complaint has been presented and the lack of allegations in support of this claim, Rivera has simply fallen short of establishing a *prima facie* claim of discrimination.

## IV. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable, futile, or result in undue delay. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). The Third Circuit has also acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). As the second amended complaint in its current form does not clearly set forth any claims or cohesive factual averments, dismissal is warranted. However, out of an abundance of caution, and to preserve Rivera's rights as a *pro se* litigant, the Court will grant her leave to file a single, unified, legible third amended complaint setting forth factual allegations and legal claims in a manner that

can be reviewed by the Court and, if necessary, answered by the SHA.

The third amended complaint must be a **unified pleading** that stands by itself **without reference to the original or first amended complaint**. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The third amended complaint must be "simple, concise, and direct," as is required under Rule 8(d)(1) of the Federal Rules of Civil Procedure. It should specify the claims Rivera wishes to bring and the **specific facts that show the SHA's liability for each claim**. *Boyd v. New Jersey Dep't of Corr.*, 583 F. App'x 30, 32 (3d Cir. 2014) *cert. denied*, 135 S. Ct. 2374 (2015). As a final matter, the third amended complaint should be limited to those claims that arise out of the same transaction or occurrence, or series of transactions or occurrences, and that have questions of law or fact in common to all claims. Failure to file a third amended complaint in accordance with these directives may result in the recommendation that this action be dismissed in its entirety.

V.   **CONCLUSION**

For the foregoing reasons, the Court finds that Rivera's complaint (Doc. 1) fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 8 and Rule 12 of the Federal Rules of Civil Procedure. However, to preserve her rights as a *pro se* litigant, the Court will grant Rivera leave to file a third amended complaint within **thirty (30) days** of the issuance of the Order filed concurrently with this Memorandum Opinion.

An appropriate Order follows.

                                                         BY THE COURT:

**Dated: August 17, 2020**                         *s/ Karoline Mehalchick*
                                                         **KAROLINE MEHALCHICK**
                                                         **United States Magistrate Judge**