UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ILEANA RIVERA,                          :
                                        :
    Plaintiff                           :    CIVIL ACTION NO. 3:17-1126
                                        :
        v.                              :
                                        :    (JUDGE MANNION)
SCRANTON HOUSING AUTH.,                 :
                                        :
    Defendant                           :

# M E M O R A N D U M

Pending before the court is the report and recommendation, (Doc. 46), of Magistrate Judge Mehalchick recommending that the third amended complaint, (Doc. 45), filed, *pro se,* by plaintiff Ileana Rivera be dismissed with prejudice. Plaintiff lived in an apartment operated by defendant Scranton Housing Authority ("SHA") and she essentially alleges that her apartment was infested with bed bugs causing she and her daughter damages. Since Rivera is proceeding *in forma pauperis*, Judge Mehalchick screened her third amended complaint pursuant to 28 U.S.C. §1915(e).[1] The instant report was filed on March 16, 2021. (Doc. 46).

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

After being granted an extension of time, (Doc. 48), plaintiff filed objections to the report and recommendation on April 16, 2021. (Doc. 49). After having reviewed the record, the court will **ADOPT IN ITS ENTIRETY** the report and recommendation. Plaintiff's objections will be **OVERRULED**. Plaintiff's third amended complaint, (Doc. 45), will be **DISMISSED WITH PREJUDICE**.

II. **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to

---

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

With respect to the portions of a report and recommendation to which no objections are made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

### III.   DISCUSSION

Since the report, (Doc. 46 at 1-4), details the long background and procedural history of this case, first filed on June 26, 2017, (Doc. 1), and since they were stated in the prior reports and decisions of the court, (Docs. 22, 23, 26, 30), the court does not repeat them herein.

3

Initially, as the report explains, (Doc. 46 at 7-8), plaintiff's third amended complaint is not a proper pleading in clear violation of Fed.R.Civ.P. 8. Nor does the plaintiff's latest pleading state a cognizable claim under Rule 12(b)(6) as the report explains. (Doc. 46 at 7-9). *See* Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997). As in Andersen v. Com. of PA, 2020 WL 9048845, *5 (M.D. Pa. Dec. 16, 2020), "[plaintiff's third amended] complaint does little more than name [a] defendant in the caption of the case but fails to make specific intelligible factual allegations about [the] defendant in the body of this pleading", and "[such] cursory style of pleading is plainly inadequate to state a claim against [the] defendant and compels dismissal of the defendant...." (citing Hudson v. City of McKeesport, 244 F.App'x 519 (3d Cir. 2007)).

Although "[p]leadings and other submissions by a *pro se* litigant are subject to liberal construction", Jackson v. Davis, 2014 WL 3420462, *9 (W.D. Pa. July 14, 2014) (citations omitted), "for Rule 12(b)(6) purposes, a *pro se* complaint must still 'contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citations omitted).

Next, as the report finds, (Doc. 46 at 9), the named defendant SHA is an agency of the Commonwealth and is entitled to sovereign immunity (i.e., 11th Amendment immunity) with respect to plaintiff's claims, s*ee* Andersen,

4

2020 WL 9048845, at *5-*7, and "Rivera has not alleged any facts as to why immunity should not apply in this case nor has she addressed the issue of sovereign immunity at all."

Additionally, similar to Andersen, *id*., plaintiff fails to state any proper claim against her defendant governmental entity and its officials, including the Director of SHA, Gary Pelucacci, and her third amended complaint "ignores the settled legal standards which govern institutional liability claims under federal civil rights laws", i.e., "[m]unicipalities and other local governmental entities or officials may not be held liable under federal civil rights laws for the acts of their employees under a theory of *respondeat superior* or vicarious liability." (citing in part Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018 (1978)).

Moreover, as the report points out, (Doc. 46 at 10-11), to the extent plaintiff alleges discrimination based on her nationality by SHA administrative staff, Sandy Gavin, she fails to state a proper FHA discrimination claim.

In short, as the report explains, all of plaintiff's federal claims fail to state any cognizable claim and are subject to dismissal. Plaintiff's 2-page objections to the report, simply stating 1-sentence allegations unconnected to each other, fail to address any of the reasons stated in the report in support

of its finding that her third amended complaint is subject to dismissal under Rule 12(b)(6).

Since plaintiff was already given three opportunities to amend her complaint and the court explained the deficiencies in each of her pleadings to no avail, and since the court finds that granting her further leave to amend would be futile, her third amended complaint will be dismissed with prejudice. *See* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

## IV.    CONCLUSION

Accordingly, the report and recommendation of Judge Mehalchick, (Doc. 46), is **ADOPTED IN ITS ENTIRETY** with respect to all claims against defendant SHA. The plaintiff's third amended complaint, (Doc. 45), is **DISMISSED WITH PREJUDICE** as to all of her claims. The objections filed by plaintiff, (Doc. 49), to the report are **OVERRULED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 22, 2021**
17-1126-03